## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**OPERATING ENGINEERS LOCAL 139**
**HEALTH BENEFIT FUND, et al.,**
        **Plaintiffs,**

    **v.**                                    Case No. 07-C-944

**PRO-MAR CONSTRUCTION, INC.,**
        **Defendant.**

## ORDER

On October 22, 2007, plaintiffs – Operating Engineers Local 130 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E McGowan, and International Union of Operating Engineers Local 139 AFL-CIO – brought this action against defendant Pro-Mar Construction Inc. for violations of the Labor Management Relations Act of 1947 (LMRA) and of the Employee Retirement Income Security Act of 1974 (ERISA). Defendant failed to appear and file a responsive pleading. On January 28, 2008, plaintiff filed a motion for entry of default and an application for default judgment, and sent such filings to defendant. On January 29, 2008, the clerk of court entered default against defendant in accordance with Fed. R. Civ. P. 55(a).

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). Thus, the following relevant allegations relating to liability are taken as true: certain plaintiffs are employee benefit funds within the meaning of ERISA or fiduciaries of such funds. Defendant is an employer within the meaning of LMRA and the ERISA. Defendant agreed to abide by the terms of a collective bargaining agreement ("CBA").

Defendant failed to abide by the terms of such agreement by failing to make continuing and prompt payments to the plaintiff funds and failing to accurately report employee work hours to the funds. These allegations, now taken as true, sufficiently establish a violation of ERISA § 215, which requires employers to contribute to multi-employer employee benefit plans under a CBA according to the terms of such agreement. See 29 U.S.C. § 1145. Additionally, defendant failed to remit dues it collected from its employees to the Union plaintiff as required by the CBA, and failed to make contributions required by the CBA to the Joint Labor Management Work Preservation Fund. See 29 U.S.C. § 185. These allegations are sufficient to establish a breach of the collective bargaining agreement.

Thus, I turn to damages. "Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." Dundee, 722 F.2d at 1323. A court examining a motion for default judgment should hold a hearing as to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. ERISA provides that in any action to enforce § 515 in which the court awards judgment in favor of the plan, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of -

   (i) interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under Subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). Plaintiffs have provided detailed affidavits and documentary evidence showing that as of December 31, 2006, defendant was delinquent in making contributions to the plaintiffs in the amount of $14,035.39, with interest totaling $977.61 and assessments totaling $2,815.23. Additionally, the evidence shows that defendant owes dues in the amount of $492.26. Finally, plaintiffs have provided sufficient evidence that they are owed attorney fees in the amount of $201.25. As such, plaintiffs have proven that they are entitled to damages in the amount of $18,521.74.

**Therefore,**

**IT IS ORDERED** that plaintiffs' application for entry of default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered against defendant Pro-Mar Construction, Inc., and in favor of plaintiffs Operating Engineers Local 130 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E McGowan in his capacity as trustee of the funds, and International Union of Operating Engineers Local 139 AFL-CIO, in the amount of $18,521.74 to date, along with interest thereon at the rate provided by law.

Dated at Milwaukee, Wisconsin this 1 day of April, 2008.

/s  
LYNN ADELMAN  
District Judge